IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HUONG THI N.[1],　　　　　　　　　　)　　Case No.: 3:16-cv-02258-JE
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)　　OPINION AND ORDER
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[2]　　　　　　　 )
Acting Commissioner of Social Security,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

Robyn M. Rebers
Robyn M. Rebers, LLC
P.O. Box 3530
Wilsonville, OR 97070
　　　Attorney for Plaintiff

Billy J. Williams, United States Attorney
Renata A. Gowie, Assistant United States Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

Lars J. Nelson, Special Assistant United States Attorney
Lisa Goldoftas, Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

　　　Attorneys for Defendant

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.
[2] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 20, 2017, and is therefore substituted as the Defendant in this action pursuant to Fed. R. Civ. P. 25(d).

OPINION AND ORDER -- 1

JELDERKS, Magistrate Judge:

Plaintiff Huong Thi N. (Plaintiff) brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for Disability Insurance Benefits (DIB) under the Social Security Act (the Act).[3] For the reasons that follow, the Commissioner's decision is REVERSED and REMANDED for an immediate award of benefits.

## **Procedural Background**

Plaintiff protectively filed her application for DIB on October 21, 2011, alleging disability beginning February 28, 2010. Tr. 13. The Commissioner denied her application initially and on reconsideration. Plaintiff appeared at a hearing on September 3, 2013, before Administrative Law Judge (ALJ) Steve Lynch. Tr. 29. Plaintiff was represented by counsel and testified with the assistance of a Vietnamese interpreter; Thomas Weiford, a vocational expert (VE), also testified. Tr. 29-48. The ALJ issued an unfavorable decision on September 19, 2013. Tr. 21. Plaintiff appealed, and the Appeals Council denied Plaintiff's request for review. Tr. 1-3. Plaintiff appealed to this Court, and Magistrate Judge Thomas Coffin remanded her case for further consideration. Tr. 556-564. Plaintiff appeared at a second hearing on August 9, 2016, before ALJ Steve Lynch. Tr. 514. Plaintiff was represented by counsel and testified with the assistance of a Vietnamese interpreter; Patricia Ayerza, a VE, also testified. Tr. 514. On September 28, 2016, the ALJ issued an unfavorable decision. Tr. 503. Plaintiff now timely appeals the Commissioner's final decision.

---

[3] While Plaintiff's complaint sought judicial review of the Commissioner's decision denying her applications for DIB and Supplemental Security Income (SSI), there is no indication that Plaintiff ever filed a claim for SSI or that the Commissioner denied such a claim. Therefore, the Court construes Plaintiff's complaint as solely alleging a DIB claim.

OPINION AND ORDER -- 2

**Factual Background**

Plaintiff was born in 1951 and was 58 years old on the date she alleges she became disabled. Tr. 32. She was not educated in the United States except for English as a Second Language (ESL) classes. Tr. 32. She has worked as a hair stylist and a dental lab technician. Tr. 33.

**Disability Analysis**

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520. The five step sequential inquiry is summarized below, as described in *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity. A claimant who is engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have any such impairment is not disabled. If the claimant has one or more severe impairment(s), the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA) regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has an impairment that meets a listing is presumed disabled under the Act. If the claimant's impairment does not meet or

equal an impairment in the listings, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do past relevant work, the Commissioner's evaluation of claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(e).

Step Five. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that claimant is able to do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE), or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant is able to do, the claimant is not disabled. If the Commissioner does not meet the burden, the claimant is disabled. 20 C.F.R. § 404.1520(f)(1).

At steps one through four of the sequential inquiry, the burden of proof is on the claimant. *Tackett*, 180 F.3d at 1098. At step five, the burden shifts to the Commissioner to show the claimant can perform jobs that exist in significant numbers in the national economy. *Id.*

**ALJ's Decision**

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 21, 2011, the date she protectively filed her application for DIB. Tr. 496.

At step two, the ALJ determined that Plaintiff had the following severe impairments:

cervical spine degenerative disc disease and right shoulder degenerative joint disease. Tr. 496. The ALJ found Plaintiff's knee pain a non-severe impairment. Tr. 497.

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment as set out in the Listings, 20 C.F.R. Part 404, Subpart P, App.1. Tr. 497.

Next, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work, except she:

> is unable to climb ladders, ropes, and scaffolds. She is limited to no more than occasional crawling and overhead reaching, and to no more than frequent reaching in other directions. She is limited to no more than frequent handling and fingering.

Tr. 497.

At step four the ALJ found that Plaintiff was able to perform her past relevant work as a dental lab technician. Tr. 503.

Accordingly, the ALJ found that Plaintiff had not been under a disability within the meaning of the Act. Tr. 503.

### Standard of Review

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(3)(A). Claimants bear the initial burden of establishing disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), and of establishing that a claimant can perform "other work" at step five of the disability analysis

process. *Tackett*, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 771 (9th Cir. 1986). The Commissioner's decision must be upheld if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039–40.

## Discussion

Plaintiff alleges the ALJ erred by failing to: 1) comply with the prior District Court Order; and 2) properly formulate Plaintiff's RFC.

**1.      The District Court's Previous Order**

**A. The Law of the Case Doctrine**

"The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). A prior ruling by a court may become the law of the case if "the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (citation omitted).

On March 20, 2016, Magistrate Judge Thomas Coffin issued an Opinion and Order remanding Plaintiff's case for further proceedings because the ALJ erred in analyzing Plaintiff's subjective symptom testimony and formulating her RFC, leading to ambiguity at steps four and five of the sequential process. Tr. 563-64. The ALJ rejected Plaintiff's subjective symptom testimony due to conflicts with the medical record and Plaintiff's effective treatment with over-the-counter medication. Judge Coffin disagreed with the ALJ's analysis and noted "[t]he medical record supports [P]laintiff's assertions of limited range of motion and pain in both arms and hands. Accordingly, the medical record is not a clear and convincing reason to find [P]laintiff less than fully credible." Tr. 561. Judge Coffin also noted that Plaintiff's over-the-counter remedies were supplemented by clinical treatment and, therefore, found that Plaintiff's over-the-counter treatment was not a clear and convincing reason to discredit her subjective testimony. Tr. 562. On remand, Judge Coffin directed the ALJ to formulate a new RFC and to make findings at step five as to whether Plaintiff possessed transferable skills within her functional capacity. Tr. 563-64.

As directed by Judge Coffin, the ALJ formulated a new RFC on remand. Tr. 497. The ALJ also engaged in a new analysis of Plaintiff's subjective symptom testimony, discrediting such testimony due to conflicts with the medical record and Plaintiff's effective treatment with over-the-counter medication. Tr. 497-502.

Plaintiff argues that the ALJ violated the law of the case and exceeded the scope of the remand Order by discrediting her subjective symptom testimony. The Court agrees. Judge Coffin's Opinion rests on the notion that Plaintiff's subjective symptom testimony was supported by substantial evidence. *See Herrington*, 12 F.3d at 904 ("the issue in question must have been decided . . . by necessary implication in the previous disposition" to become part of the law of

the case). Judge Coffin's finding that "Plaintiff's credibility is supported by her earning records indicating she was substantially gainfully employed for thirty years" went beyond merely negating the ALJ's reasons for discrediting Plaintiff's testimony. Tr. 561. Additionally, after Judge Coffin held that the ALJ erred in his evaluation of Plaintiff's subjective testimony, he noted "[w]hen [P]laintiff's testimony regarding her pain and numbness in her arms and hands is credited the ALJ's residual functional capacity analysis is not supported by substantial evidence." Tr. 562. Judge Coffin then noted that "[b]ecause the ALJ found [P]laintiff not fully credible regarding her symptoms, he determined she was able to return to her past relevant work, and therefore made no findings as to whether [P]laintiff has skills readily transferable to a significant range of work." Tr. 562. In the remand section of the Opinion, Judge Coffin directed the ALJ to make findings as to whether Plaintiff possessed transferable skills at step five. Tr. 574. By directing the ALJ to make findings at step five, Judge Coffin found that Plaintiff could not return to her past relevant work at step four, a finding dependent on Plaintiff's subjective testimony being supported by substantial evidence. Indeed, Plaintiff testified that she could not work at her past relevant job because it required "repeated movement of [her] hand or arm" and that she used her hands "constantly" or "all the time." Tr. 34-35. A holistic reading of the Opinion demonstrates that Judge Coffin directed the ALJ to assess an RFC consistent with Plaintiff's subjective testimony and examine step four in light of Plaintiff's testimony that she could not perform her previous job. Therefore, the ALJ erred by re-evaluating Plaintiff's subjective symptom testimony.

Furthermore, even assuming, *arguendo*, that Judge Coffin did not explicitly hold that Plaintiff's subjective symptom testimony was supported by the record, the ALJ plainly violated the law of the case by discrediting Plaintiff's testimony for the same reasons that Judge Coffin

previously found unpersuasive. *See Herrington*, 12 F.3d at 904 (a prior ruling by a court may become the law of the case if the issue in question was explicitly decided). While the ALJ cited to different medical records than those used in the previous opinion, Judge Coffin held that "*the medical record* is not a clear and convincing reason to find [P]laintiff less than fully credible" Tr. 571 (emphasis added). The ALJ utilized the same medical record to attempt to discredit Plaintiff's subjective testimony, a path clearly foreclosed by Judge Coffin's Opinion.[4] Additionally, the ALJ cited to records of over-the-counter treatment to discredit Plaintiff's testimony, despite Judge Coffin's previous finding that such reasoning was inapposite. Therefore, the ALJ erred by violating the law of the case doctrine.

The Commissioner argues that SSR 16-3p changed the examination of subjective symptom testimony and, therefore, the law of the case doctrine cannot be applied to Plaintiff's case. SSR 16-3p applies to administrative proceedings begun after March 28, 2016. SSR 16-3p, 2017 WL 5180304, n. 27. Thus, SSR 16-3p did not apply to the first ALJ decision or to Judge Coffin's opinion, but applies to the ALJ's second opinion. SSR 16-3p rescinds a previous policy interpretation ruling and eliminates the use of the word "credibility" when evaluating a plaintiff's subjective symptom testimony. *Id.* at *2. The Commissioner clarified that the "subjective symptom evaluation is not an examination of an individual's character," and directed the Agency to "more closely follow [the] regulatory language regarding symptom evaluation." *Id.* The Commissioner also clarified, however, that the regulations for evaluating subjective symptom testimony were "unchanged." *Id.* at n. 27. Indeed, the Ninth Circuit noted SSR 16-3p "makes clear what our precedent already required: that assessments of an individual's testimony by an

---

[4] While the Commissioner argues that the medical record is dissimilar because Plaintiff supplemented the record with new medical evidence on remand, the Commissioner's argument is inapposite. The ALJ did not reference any of the newly submitted evidence in his opinion, and the records addressed medical issues unrelated to Plaintiff's severe impairments.

OPINION AND ORDER -- 9

ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo v. Beryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (citation omitted). The Commissioner's argument is inapposite: SSR 16-3p did not change the law regarding subjective symptom testimony, it merely clarified the language the Commissioner should use when evaluating subjective testimony.

Alternatively, the Commissioner argues that any error in applying Judge Coffin's Opinion was harmless. An error is harmless when it is inconsequential to the ultimate non-disability decision. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Commissioner argues the ALJ assessed an RFC that adequately accounted for Plaintiff's subjective symptom testimony. Plaintiff testified that pain and numbness in her arms, hands, and fingers, resulted in difficulty using her hands. Tr. 37-38. Judge Coffin agreed, and noted that it was difficult for Plaintiff "to use her hands, and she drops things." Tr. 567. Plaintiff also stated that she could only lift up to five pounds. Tr. 479. The assessed RFC restricts Plaintiff to light work, occasional overhead reaching, and "no more than frequent reaching in other directions," as well as frequent handling and fingering. Tr. 497. The ALJ's assessed RFC exceeds Plaintiff's testified abilities. Light work requires exerting up to 20 pounds of force occasionally, up to 10 pounds of force frequently, or a negligible amount of force constantly. DOT 712.381-018, 1991 WL 679222. Plaintiff's self-assessed lifting limitation restricts her to lifting five pounds, which would clearly preclude light work, as Plaintiff could not lift 10 pounds of force frequently. Tr. 479. Furthermore, Plaintiff's past relevant work as a dental-laboratory technician is clearly precluded by her subjective testimony: Plaintiff stated that she dropped things frequently and had

difficulty with her hands, yet the ALJ found that she could perform the dental-laboratory technician job at step four, a job that required a high degree of finger dexterity and medium degrees of motor coordination and manual dexterity.[5] DOT 712.381-018, 1991 WL 679222. The ALJ's error, in failing to fully credit Plaintiff's subjective testimony, is harmful, as it affects the ultimate disability decision.

### B. The Rule of Mandate

The ALJ also violated the rule of mandate doctrine by re-assessing Plaintiff's subjective testimony. "The rule of mandate is similar to, but broader than, the law of the case doctrine." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). "The rule provides that any 'district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it.'" *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (citation omitted). The district court may "decide anything not foreclosed by the mandate," but commits "jurisdictional error" by taking actions contradictory to the mandate. *Id.* (citation omitted).

For the reasons described in the above section, the ALJ violated the rule of mandate. Judge Coffin found Plaintiff's subjective testimony was supported by substantial evidence, yet the ALJ conducted an analysis of Plaintiff's testimony on remand and came to the opposite conclusion. Tr. 497-501. The ALJ's action was clearly proscribed by the rule of mandate. Furthermore, Judge Coffin impliedly held that, once the ALJ credited Plaintiff's subjective testimony, Plaintiff could not perform her past relevant work as a dental technician. *See* Tr. 562

---

[5] Plaintiff testified at the hearing that she could not perform her past relevant work as a dental technician because the job required "repeated movement of [her] hand or arm" and that she used her hands "constantly" or "all the time." Tr. 34-35. The ALJ, however, assigned Plaintiff to the dental technician job anyway. While the Commissioner argues that the ALJ adequately accounted for Plaintiff's testified limitations by restricting her to frequent fingering, the Commissioner seemingly ignores the salient portion of Plaintiff's testimony stating that she could not perform the dental technician job.

OPINION AND ORDER -- 11

("[b]ecause the ALJ found [P]laintiff not fully credible regarding her symptoms, he determined she was able to return to her past relevant work. . ."). On remand, however, the ALJ found Plaintiff could perform her former work as a dental technician at step four, contradicting Judge Coffin's Opinion.

The Commissioner argues that Judge Coffin's Opinion "necessitated reconsideration of Plaintiff's subjective complaints because '[i]n evaluating the intensity and persistence of your symptoms, including pain' an ALJ must 'consider all of the available evidence . . .'" Def.'s Br. 6. The Commissioner's argument, however, is inapposite. Plaintiff's subjective complaints were already considered and found credible. As such, the ALJ was not required to reexamine an issue that had been previously decided by an appellate court. *See Stacy*, 825 F.3d at 568.

The Commissioner also argues that the ALJ's first decision only addressed a period of disability from February 28, 2010 through September 19, 2013, while the ALJ's second decision encompassed the previous time frame and further addressed the period of disability from September 20, 2013 through March 31, 2015, Plaintiff's date of last insurance. Thus, according to the Commissioner, the rule of mandate cannot apply because Judge Coffin's Opinion did not encompass the entire period of disability addressed by the ALJ's second opinion. Assuming without deciding that the rule of mandate does not apply to the alleged period of disability between September 20, 2013 and March 31, 2015, it does not follow that the rule of mandate would not apply to the alleged period of disability between February 28, 2010 and September 19, 2013, the period under review in Judge Coffin's Opinion.

The Commissioner argues that Plaintiff's case is analogous to *Stacy v. Colvin*. In *Stacy*, the district court remanded the plaintiff's case on two separate occasions. *Stacy*, 825 F.3d at 566- 67. The first remand ordered the ALJ to recontact the plaintiff's physicians, reassess the

plaintiff's subjective symptom testimony, obtain additional evidence as needed, and "take any other action necessary to develop the record and issue a new decision." *Id.* at 566. The second remand ordered the ALJ to "formulate a correct RFC, further evaluate step five of the disability analysis, and otherwise comply with [the first] remand order." *Id.* at 566-67. After the second remand, the ALJ conducted an administrative hearing wherein the plaintiff testified to new information about the nature of his past relevant work. *Id.* The ALJ found the plaintiff could perform his past relevant work based on the new evidence, and the plaintiff appealed, arguing that the ALJ's decision violated the rule of mandate. *Id.*

The Court held that the ALJ did not violate the rule of mandate. *Id.* at 569. Given the expansive remand orders "essentially remanded on an open record, directing the ALJ to start again at step [one]," the Court found that the remand orders did not preclude the ALJ from taking new evidence at step four. *Id.* The plaintiff argued the ALJ violated the second remand order because it specifically directed the ALJ to "further evaluate step five of the disability analysis" and the ALJ did not reach step five. *Id.* However, the Court noted that the remand order directed the ALJ to reassess the plaintiff's RFC, significantly affecting the analysis of steps four and five and "impliedly instructed the ALJ to reconsider step four." *Id.* at 568.

Plaintiff's case is distinguishable from *Stacy* because Judge Coffin's Order was not as expansive as the orders in *Stacy*, which essentially remanded the case "on an open record." *Id.* at 569. While Judge Coffin's Order did not preclude the ALJ from making new findings regarding Plaintiff's RFC, or at steps four and five, those findings were to be viewed through the lens of Plaintiff's fully credited subjective symptom testimony. Here, the RFC and the ALJ's finding that Plaintiff could return to her past work at step four are inconsistent with Plaintiff's fully credited symptom testimony. Furthermore, unlike *Stacy*, the ALJ did not elicit any new

'bombshell' evidence on remand that would change the disability calculus in a significant manner. In *Stacy*, the plaintiff testified that his job was mostly supervisory, in direct contrast to the ALJ's previous understanding of what the plaintiff's duties entailed. *Id.* at 567. Here, Plaintiff's submitted medical records and testimony at the hearing were generally consistent with the overall record. Therefore, Plaintiff's case is distinguishable from *Stacy*.

**2.     Plaintiff's RFC**

The RFC is the most a person can do, considering her physical or mental impairments. *See* 20 C.F.R. § 404.1545. The RFC must contemplate *all* medically determinable impairments, including those which the ALJ found non-severe, and evaluate all of the relevant testimony, including the opinions of medical providers and the subjective symptom testimony set forth by the claimant. *Id.*; SSR 96–8p *available at* 1996 WL 374184. In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations which are supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001).

As noted in the above section, after Plaintiff's subjective symptom testimony is fully credited, the ALJ's RFC is not supported by substantial evidence. Plaintiff testified that she could lift no more than five pounds, while the ALJ's assessed RFC limited Plaintiff to light work. Light work requires lifting up to 10 pounds of force frequently. DOT 712.381-018, 1991 WL 679222. Additionally, the RFC restricted Plaintiff to frequent handling and fingering, in excess of her testified abilities. Tr. 497. Therefore, the ALJ's assessed RFC is not consistent with Plaintiff's testimony.

**REMAND**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See*, e.g., *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

In determining whether an award of benefits is warranted, the court follows the "three-part credit-as-true standard." *Garrison*, 759 F3d at 1020. Under this standard the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further administrative proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* If a court concludes that a Plaintiff meets the three criteria of the credit-as-true standard, then the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled with the meaning of the Social Security Act." *Id.* at 1021 (citations omitted).

The ALJ erred by not fully crediting Plaintiff's subjective symptom testimony, violating the law of the case doctrine and the rule of mandate, and leading to an erroneous RFC and a finding that Plaintiff could perform her past relevant work at step four.

The second element is also satisfied. The administrative record is detailed and extensive, with medical opinions and consultations opining about Plaintiff's conditions and functionality. The record is also consistent regarding the effects of Plaintiff's impairments on her daily life. Furthermore, Judge Coffin previously remanded the case for further proceedings. "Given this

fully developed record, the admission of more evidence would not be "enlightening" and remand for the purpose of allowing the ALJ to have a mulligan [does not qualify] as a remand for a 'useful purpose." *Henderson v. Berryhill*, 691 Fed. Appx. 384, 386 (9th Cir. 2017) (citations omitted). The record is fully developed with no ambiguities.

If Plaintiff's improperly discredited subjective testimony is credited as true, the Commissioner would be required to find her disabled. The Medical-Vocational Guidelines mandate that a plaintiff of advanced age capable of working a sedentary job, but lacking transferable skills, should be found disabled. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2, 201.06. Plaintiff testified that she could lift no more than five pounds, restricting her to sedentary work. *See* DOT, Appendix C "Physical Demands," 1993 ("[s]edentary [w]ork involves exerting up to 10 pounds of force occasionally or a negligible amount of force frequently"). At the administrative hearing, the VE testified that Plaintiff did not possess transferable skills applicable to jobs within her limited RFC. Tr. 524-25. As Plaintiff is of advanced age, with no transferable skills and capable of working only a sedentary job, the Guidelines require a finding of disability.

The Commissioner argues the Court should use its discretion to remand the case for additional proceedings due to "serious doubts" that Plaintiff is disabled. *Garrison*, 759 F3d at 1021. First, the Commissioner argues that Plaintiff's newly submitted medical records showed unremarkable findings in her upper extremities, bolstering the ALJ's decision of non-disability. However, the cited records do not address Plaintiff's upper extremities. The physician examined Plaintiff's lower extremities because she complained of knee pain. Tr. 686. The notation under "extremities" stated that Plaintiff had "no [lower extremity] edema" with "2+ [dorsalis pedis[6]]

---

[6] An artery near the ankle

OPINION AND ORDER -- 16

pulses bilaterally," thus demonstrating the Commissioner's cited records do not evince improvement in Plaintiff's impairments. The Commissioner also noted that Plaintiff reported she was "doing well" at one of her appointments. Tr. 685. However, the Plaintiff also complained of body aches and joint pains at that same appointment, and a follow-up appointment demonstrated that Plaintiff continued to take painkillers. Tr. 683.

Second, the Commissioner argues that "the absence of a finding at step five warrants remand," citing *Gonzales*. Def's Br. 20; *see Gonzales v. Thomas*, 547 U.S. 183, 186-87 (2006) ("remanding because the court of appeals erroneously made a finding in the first instance where the agency had not yet considered the issue.") (quoting Def's Br.). The "ordinary remand rule" states that, except in rare circumstances, a reviewing court should remand a case back to the administrative agency for additional proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The Ninth Circuit codified the "rare circumstances" that allow a remand for an immediate award of benefits in the "credit-as-true" rule. *Id.* at 1100-1101. Here, the three steps of the credit-as-true analysis are met, and an immediate award of benefits is appropriate based on plaintiff's testimony and the Grids. The Commissioner's reliance on *Gonzales* is misplaced, as that case required administrative proceedings to determine additional facts before a judgment could be made. *Gonzales*, 547 U.S. at 186-87.

Third, the Commissioner argues that the ALJ reasonably assessed Plaintiff's subjective symptom complaints, despite Judge Coffin's Order. Such arguments are foreclosed by the law of the case doctrine and the rule of mandate, as discussed previously.

## **CONCLUSION**

The Commissioner's decision is not based on substantial evidence and is not free from

harmful legal error. For the reasons stated above, the Commissioner's decision is REVERSED and REMANDED for an award of benefits.

DATED this 5th day of July, 2018.

                                                                             /s/John Jelderks
                                                        John Jelderks
                                                        United States Magistrate Judge